# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENNIS WEST** <br> **(DOC# 93365)** | **CIVIL ACTION** |
| **VERSUS** | |
| **WINN CORRECTIONAL CENTER** | **NO. 11-8-BAJ-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, June 7, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DENNIS WEST                                                              CIVIL ACTION
(DOC# 93365)

VERSUS

WINN CORRECTIONAL CENTER                                      NO. 11-8-BAJ-M2

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Dennis West ("West" or "petitioner"). The State of Louisiana ("the State") has filed an opposition (R. Doc. 11) to West's habeas petition.

## PROCEDURAL BACKGROUND

On April 11, 2007, West was charged by bill of information No. 04-07-0230 in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, with one count of armed robbery in violation of La. R. S. 14:64. He pled guilty to that charge on April 13, 2007, and pursuant to a plea agreement with the State, he was sentenced to thirty (30) years imprisonment at hard labor, which was to run concurrently with other time.[1] West did not appeal his conviction and sentence.

On August 24, 2007, West filed his first application for post-conviction relief with the state district court. A commissioner with the state district court issued a recommendation that West's claims be denied on November 27, 2007, and on January 2, 2008, the state

---

[1] Also on April 13, 2007, West pled guilty, under Docket No. 09-06-574, to one count of simple burglary and was sentenced, pursuant to a plea agreement, to twelve (12) years imprisonment at hard labor to run concurrently with his thirty (30) year sentence under Docket No. 04-07-0230.

1

district judge adopted the commissioner's recommendation and denied West's post-conviction relief application. West did not seek writs of review from the Louisiana First Circuit Court of Appeals or the Louisiana Supreme Court relative to that denial.

On March 11, 2008, West filed a second post-conviction relief application with the state district court, which was denied on December 24, 2008. Again, West did not apply for writs to the First Circuit or the Louisiana Supreme Court concerning the district court's denial.

Finally, on November 30, 2010, West filed his present habeas petition, wherein he asserts the following claims: (1) ineffective assistance of counsel due to counsel's failure to object to alleged defects in bill of information 04-07-0230; and (2) trial court errors relating to "all issues dealing with the Felony Bill of Information." The State contends that West's habeas petition should be dismissed with prejudice as untimely-filed or dismissed without prejudice for a failure to exhaust state court remedies pursuant to 28 U.S.C. §2254(b)(1).


## **LAW & ANALYSIS**

Under 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner in custody pursuant to the judgment of a state court has a one (1) year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. §2244(d)(1)(A). As provided by §2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent

2

judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Scig,* 134 F.3d 146, 148-149 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D.Tex. 1998).

West's conviction and sentence for armed robbery[2] became final on May 13, 2007, thirty (30) days after he was sentenced on that charge because he did not appeal or seek reconsideration of his sentence. *See, Williams v. Louisiana*, 2011 WL 1527219 (E.D.La. 2011), citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); La. C.Cr.P. art. 914. Over three (3) months of untolled time under AEDPA then elapsed before he filed his first post-conviction relief application with the state district court on August 24, 2007. The AEDPA limitations period was then tolled while that PCR application was pending. The state district judge denied that application on January 2, 2008, and the limitations period commenced to run again thirty (30) days later, on February 1, 2008, when West failed to seek writs from the First Circuit.

Over a month of untolled time then passed before West filed his second post-conviction relief application on March 11, 2008. The limitations period was again tolled while that application was pending and commenced to run again thirty (30) days after the state district judge denied the second PCR application, or on January 23, 2009, since West also did not seek writs of review from the First Circuit and Louisiana Supreme Court relative

---

[2] Although West lists his bill of information for simple burglary (Docket No. 09-06-0574) in the caption of his federal habeas petition, along with his bill of information for armed robbery (Docket No. 04-07-0230), his actual habeas claims only challenge the validity of the bill of information for armed robbery.

3

to that application.[3]

Another year and ten (10) months of untolled time then elapsed before West filed his present habeas petition on November 30, 2010. Accordingly, over two (2) years of untolled time under AEDPA elapsed between the finality of West's conviction and sentence and the filing of his present habeas petition, and as a result, such petition should be dismissed with prejudice as untimely-filed under 28 U.S.C. §2244(d).[4]

## RECOMMENDATION

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Dennis West be **DISMISSED WITH PREJUDICE** as untimely-filed.

Signed in chambers in Baton Rouge, Louisiana, June 7, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[3] While West filed an untimely "Notice of Intent to Seek Writs" with the state district court on February 22, 2009, and the state district court provided him with a writ return date of April 25, 2009, he never filed a writ application with the First Circuit.

[4] Although the one-year AEDPA limitations period is subject to equitable tolling in "rare and exceptional circumstances," the petitioner bears the burden of establishing that equitable tolling is warranted. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). It is "irrelevant whether the unfamiliarity is due to illiteracy or any other reason." *Id.*

In his habeas petition, West contends that he failed to timely file his petition because he did not have counsel and "was unaware of avenues available to him." As discussed above, such circumstances are not of the rare and exceptional type that warrant equitable tolling. See, *Davis v. Johnson,* 158 F.3d 806, 810-11 (5th Cir. 1998)("[P]etitioner cannot rely on the doctrine of equitable tolling because his pleadings fail to present any [of] those 'rare and exceptional circumstances" which warrant the application of the equitable tolling doctrine"); *Holland v. Florida*, 130 S.Ct. 2549, 2564, 177 L.Ed.2d 130 (2010)(reiterating that "a garden variety claim of excusable neglect" is insufficient to warrant equitable tolling).

4